GHEQUIER (RIDGEWAY v.). See Case No. 11,813.

GHEQUIER (RIDGWAY v.). See Case No. 11,816.

GHEQUIERE (POTTS v.). See Case No. 11,346.

---

## Case No. 5,376.

### In re GHIRARDELLI et al.

[1 Sawy. 343;[1] 4 N. B. R. 164 (Quarto, 42).]

District Court, D. California. Sept. 16, 1870.

BANKRUPTCY — SUIT AGAINST BANKRUPT IN STATE COURT.

1. On an application for leave to sue the bankrupt in a state court, the court will not enter upon the inquiry, whether the debt be one from which the bankrupt would be relieved by his discharge.

[Cited in Re Mallory, Case No. 8,991; Re Schwartz, Id. 12,502.]

[Cited in Ray v. Wright, 119 Mass. 428.]

2. Semble, that, upon a special showing that the right of the creditor might be lost if a suit were not forthwith commenced, the court might allow the suit to be brought and prosecuted so far as might be necessary to save rights.

[In bankruptcy. In the matter of D. Ghirardelli & Co.]

John B. Felton and A. D. Spivalo, for bankrupts.
Edward J. Pringle, for trustee.
G. Frank Smith, for creditors.

HOFFMAN, District Judge. Certain creditors of the bankrupt, in this case, have applied to the court for leave to prosecute suits against him for debts alleged to have been created by his defalcation, while acting in a fiduciary capacity, to wit: as administrator of the estates of certain parties deceased.

[These debts have been duly proved against the estate.][2]

---

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

[2] [From 4 N. B. R. 164 (Quarto, 42).]

The application is opposed by the trustee appointed by the creditors.

The twenty-first section of the bankrupt act [of 1867 (14 Stat. 526)], provides, that "no creditor whose debt is provable under this act shall be allowed to prosecute to final judgment any suit at law or in equity therefor against the bankrupt, until the question of the debtor's discharge shall have been determined." The case presented is clearly within the terms of this prohibition.

It is urged, however that inasmuch as the debts in question will not be released by the discharge, there can be no reason for restraining suits to enforce them until the happening of an event which can in no way affect the creditors' rights. But to this limitation of the general language of the twenty-first section there are grave objections.

The object of the provision was to prevent the bankrupt from being harassed during the proceedings to obtain his discharge, by suits to recover provable debts. This object would be in a great measure defeated, if, on the mere allegation that the debt was incurred by the bankrupt while acting in a fiduciary capacity, or was created by fraud, the creditor could institute and carry to final judgments suits before the ordinary tribunals.

The only ground for refusing the stay of proceedings, which the bankrupt court is, by section twenty-first, required to grant, would be the fact that the debt is of the character mentioned in the thirty-second section. But that fact might be disputed, and before the court could decide it a protracted and expensive investigation might be necessary. But this investigation would in no respect be a final adjudication, for if a suit in a state court should be commenced after the discharge, to which the discharge should be pleaded as a bar, the truth of the plaintiff's replication, that the debt was excluded from the operation of the discharge would be open to inquiry and would necessarily be passed upon by the court.

So, too, if no discharge should be granted, the investigation by this court, into the nature and origin of the debt, would be wholly useless.

The stay authorized by the statute is but temporary. It terminates with the decision of the court, on the question of the discharge, or sooner, if there be unreasonable delay, on the part of the bankrupt in endeavoring to obtain his discharge.

The attempt to determine in advance, what will be the effect of the discharge upon particular debts, when, as yet, it is not known whether any discharge will be granted, seems premature and unnecessary.

The creditor, the debt to whom was created by fraud, is not more inconvenienced by the temporary suspension of his right to sue, than the ordinary creditor who may know of facts which will prevent the discharge, but yet is prohibited from suing. In neither case will the proceedings in bankruptcy be a bar to a subsequent suit. But in both, the statute requires that a temporary stay of proceedings shall be granted by the court.

The provisions of the 26th section, with regard to the arrest of the bankrupt, have no application to the subject we are considering. That section enacts that "no bankrupt shall be liable to arrest during the pendency of the proceedings in bankruptcy in any civil suit, unless the same is founded on some debt or claim from which his discharge in bankruptcy would not release him."

The 27th general order provides that a bankrupt so arrested may be brought before the district court by habeas corpus, and if it be ascertained that the process on which he is arrested has been issued for the collection of any claim provable in bankruptcy, he shall be discharged.

It would seem that this general order carries the exemption of the bankrupt from arrest further than is warranted by the statute. For the latter by plain implication allows an arrest for a debt or claim from which the bankrupt would not be released by his discharge. In re Glaser [Case No. 5,474].

[The rule was perhaps inadvertently framed, and was intended merely to prescribe the mode in which the immunity given by the act might be secured and enforced, but not to extend that immunity to cases where the act clearly shows that none was to be allowed; or, perhaps the supreme court referred in this rule to cases of preliminary arrest at the commencement of a suit. As the 21st section provides for a stay of all suits for debts provable under the act, the general order requires the discharge of the bankrupt when arrested in any such suit; otherwise the proceedings might be stayed, but the bankrupt would remain in prison. But where the arrest is on final process issued after judgment, the discharge of the bankrupt would depend upon whether the arrest was for a debt from which his discharge in bankruptcy would release him. If this be the true construction of general order No. 27 (and I see no other by which it can be reconciled with the exception contained in the clause of the 26th section relating to arrests), it affords an argument in favor of the interpretation given to the 21st section; for it seems to indicate the opinion of the supreme court that no creditor whose debt is provable under the act, shall be allowed to maintain or prosecute to final judgment any suit therefor, until the question of the debtor's discharge shall have been determined.] [2]

In the Case of Seymour [Case No. 12,684], it was held by the district judge for the Southern district of New York that the provisions of the 21st section do not extend to suits to collect debts from which the bank-

---

[2] [From 4 N. B. R. 164 (Quarto, 42).]

rupt would not be released by his discharge in bankruptcy. But in the Case of Rosenberg [Id. 12,054], the same learned judge reconsidered this opinion, and held that section 21 must be construed to include all suits to recover debts provable under the act. His reasons are substantially those given in this opinion. His large experience and the great attention he has bestowed upon the bankrupt act and questions arising under it, entitle his mature and well considered opinion, especially where he admits a previous error, to the greatest consideration.

But while the act forbids the maintaining or the prosecution to final judgment of any suit for a debt provable under the act, it does not in terms prohibit the commencement of such a suit. Whenever, therefore, it appears that the suit is one to which the discharge in bankruptcy might be no bar, and that if not commenced forthwith the statute of limitations might run against it, or that service might not be obtained upon the bankrupt, or that testimony might be lost, I am inclined to think the court might permit the suit to be commenced for the purpose of saving the statute, effecting a service, or securing the testimony. When these objects are attained, the suit could be stayed to await the determination of the question of the debtor's discharge, or the expiration of a reasonable time therefor.

But a special showing should in such case be made, and leave to prosecute would be granted only so far as might be absolutely necessary to secure the creditor's rights.

No such showing has been made in this case, and I am, therefore, of opinion that the application should be denied.